JAMES WUERTZ v. MICHAEL GARVEY
AND OTHERS.
ERVEN ZABEL v. DEERE AND COMPANY
AND OTHERS.

178 N. W. (2d) 630.

June 19, 1970—Nos. 42188, 42189, 42263.

*Ralph H. Comaford* and *Comaford, Fassett, Clarkson & Lewis,* for appellant.

*Clayton E. Narveson,* for respondent Wuertz.

*Quinlivan, Williams, Johnson & Quinlivan,* for respondents Garvey.

*King & Flora, Gordon Rosenmeier,* and *John E. Simonett,* for respondent Zabel.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Deere and Company, a Delaware corporation with its principal place of business at Moline, Illinois, is the nonresident defendant in two product liability actions commenced by resident plaintiffs in district courts of Minnesota. Service of process in each case was duly effected by service upon the secretary of state pursuant to Minn. St. 303.13, which provides in part:

"Subdivision 1. A foreign corporation shall be subject to service of process, as follows:

\* \* \* \* \*

"(3) If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort."

Defendant moved to dismiss each action or, in the alternative, to quash the service of summons upon it on the ground that the statute as applied to it is unconstitutional. It appeals from the orders denying its motions and from an order in one of the cases

denying a like motion with respect to a cross-claim. Defendant contends that, under the express terms of the statute, the commission of a tort or the making of a contract by a foreign corporation is the prerequisite jurisdictional fact for substituted service; that this entry issue of fact is the very issue ultimately to be determined in the lawsuit, a binding determination of which is necessarily made before trial upon the merits; so that a defendant foreign corporation is accordingly denied constitutional due process.

Because in our view the statute does not require such restrictive construction, it does not have the asserted constitutional consequence. The statutory reference to the making of a contract or the commission of a tort is merely descriptive of the general nature of defendant's actionable conduct which, if ultimately proved by the plaintiff, would establish the minimal contacts essential to assertion of state jurisdiction under our long-arm statute.[1] The statute, reasonably construed, requires only that a resident plaintiff must, prior to trial, make a prima facie showing of the described Minnesota-related activities. At this pretrial stage, as we recently held in Hunt v. Nevada State Bank, 285 Minn. 77, 117, 172 N. W. (2d) 292, 315, the trial court "must give every credit to the facts well pleaded and the collateral evidence supporting it."[2] Judge Earl Larson opined in United Barge Co. v. Logan Charter Serv. Inc. (D. Minn.) 237 F. Supp. 624, 630, that "[t]he acts which are relied on to give the Court jurisdiction need only have raised a non-trivial possibility that the defendant will be found to have committed a tort."

---

[1] See, generally, Currie, *The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois,* 1963 U. of Ill. L. Forum, 533, 539.

[2] See, also, United States v. Montreal Trust Co. (2 Cir.) 358 F. (2d) 239, 242, certiorari denied, 384 U. S. 919, 86 S. Ct. 1366, 16 L. ed. (2d) 440; Rosenblatt v. American Cyanamid Co. (Opinion in Chambers denying application for stay of judgment) 86 S. Ct. 1, 2, 15 L. ed. (2d) 39, 41, appeal dismissed, 382 U. S. 110, 86 S. Ct. 256, 15 L. ed. (2d) 192; Nelson v. Miller, 11 Ill. (2d) 378, 393, 143 N. E. (2d) 673, 681.

Because this initial jurisdictional determination is only a prima facie one, the defendant is not foreclosed from a complete litigation of the issue at trial on the merits. The facts necessary to establish jurisdiction, like those facts necessary to establish a cause of action, must at that later stage be proved by plaintiff by a preponderance of the evidence. This is what we said in Hunt v. Nevada State Bank, 285 Minn. 77, 111, note 33, 172 N. W. (2d) 292, 312, note 33:

"Our decision on these appeals [from orders denying motions to dismiss on jurisdictional grounds], it is appropriate to underscore, is not determinative of the issues of jurisdictional fact as they may relate to a judgment on the merits."

This being so, the constitutional claim of defendant is without a statutory premise.[3]

Affirmed.

---

[3] Defendant, basing its claim upon a most strictly literal reading of the statute, urges that it should not be supported by "judicial rewriting." Although a statute must be applied literally if its language permits no other construction, it is a cardinal principle that a statute susceptible of different interpretations will be given that which is reasonably consistent with constitutional limitations. The legislature, by Minn. St. 645.17(3), has declared this presumption of its intent.