LOWERY, ADMINISTRATOR *v.* STEEL, CHANCELLOR.

4-8860                                   219 S. W. 2d 932

Opinion delivered May 2, 1949.

*Ward Martin,* for petitioner.

HOLT, J.   July 9, 1946, Juanita Yates sued Edward W. Yates for divorce and alimony.   Constructive service was had on Edward W. Yates, he being a non-resident. November 30, 1946, on order of general attachment, an attachment was levied on certain real property of Yates.

December 27th following, Juanita Yates amended her complaint, asking for full value of property converted by her husband, Yates, and there was a decree January 2, 1947, granting her a divorce and a personal judgment, without personal service, against Yates for $5,000.   The attachments were sustained and it was ordered that all interests of defendant, Yates, be sold for

the satisfaction of this decree. In accordance with the decree, the property was sold, purchased by Juanita Yates and confirmed April 12, 1947. Edward W. Yates appealed from that part of the decree awarding Juanita Yates personal judgment against him for $5,000. He remarried and died before the cause was heard by this court. Thereafter, the case was revived in the name of the present administrator.

This court (Lowrey, Administrator v. Yates, 212 Ark. 399, 206 S. W. 2d 1) reversed the decree holding: (Headnote 1) "Where appellee sued for divorce and after default on the part of her husband she filed an amendment to her complaint praying for a division of property and recovery of judgment to compensate her for money belonging to her which he had converted to his own use, a new cause of action was set up rendering service of process on him necessary and in the absence of which the court was without jurisdiction to proceed." In remanding the case, we said: "For the error indicated, the decree is reversed and the cause remanded with directions to set aside the sale of the property involved, cancel the certificates of purchase to appellee, and for further proceedings consistent with this opinion."

January 15, 1949, the administrator, Lowery, filed in this court an original proceeding in which he now seeks, by his petition, a Writ of Prohibition against the Hon. A. P. Steel, Chancellor of the Little River Chancery Court, to prohibit "respondent from granting and holding a new trial in said cause." He alleged in his petition, among other things, "that portion of the decree, having to do with the judgment for Five Thousand Dollars ($5,000), was appealed to this court and reversed in the case of Lowery, Administrator vs. Yates and appears in 212 Ark., 399, 206 S. W. 2d 1," and that the opinion contained the directive, supra.

He further alleged that respondent lacked jurisdiction and "on the state of the record, petitioner earnestly insists that the mandate of this court, reversing the Lowery case, supra, and remanding with directions to

set aside sale of the property involved, cancel the certificates of purchase to appellee and for further proceedings consistent with the opinion meant nothing more than to render a decree in accordance with the record; because when new trials upon an old case, or any part thereof, or intent, it has become the established practice of this court, in equity cases to give special directions to that effect; and that the Writ of Prohibition should be granted.'' We cannot agree.

''The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Order of Railway Conductors of America* v. *Bandy, Judge,* 177 Ark. 694, 8 S. W. 2d 448, and cases cited.'' *Merchants & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421, and ''The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction.'' *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13.

We hold that the Chancery Court has jurisdiction under the opinion, supra, and our directive therein, and is not, on the record presented, threatening to act in excess thereof.

Whether the respondent's future actions relating to this case may be right or wrong, are questions which cannot be corrected by prohibition, but only by appeal.

The petition for Writ of Prohibition is therefore denied.