Charles Kirk HOWARD *v.* COUNTY COURT
OF CRAIGHEAD COUNTY, Arkansas, Dennis
GILLIAM, Judge

80-225                                             613 S.W. 2d 386

Supreme Court of Arkansas
Opinion delivered March 23, 1981
[Rehearing denied April 20, 1981.]

*Barrett, Wheatley, Smith & Deacon*, for appellant.

*Zolper & Everett*, for appellee.

RICHARD B. ADKISSON, Chief Justice. The issue presented in this case is whether an Arkansas court has personal jurisdiction over a nonresident putative father in a paternity action where the child was conceived and born in Arkansas and the mother and child reside in Arkansas.

This appeal is from a circuit court order denying a petition for a writ of prohibition to the appellee, Craighead County Court. The appellee had upheld the validity of personal service on appellant, Charles K. Howard, under Ark. Stat. Ann. § 27-2502(C)(1)(c) (Repl. 1979), commonly known as the Arkansas Long-Arm Statute which provides:

1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

(a) transacting any business in this State;

(b) contracting to supply services or things in this State;

(c) causing tortious injury by an act or omission in this State;

(d) causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services used in this State;

(e) having an interest in, using, or possessing real property in this State;

(f) contracting to insure any person, property, or risk located within this State at the time of contracting; or

(g) receipt, whether in or out of this State, as a creditor or distributee or one claiming as such, of money or property from an executor, administrator or other personal representative serving under appointment by any probate court of this State.

Both parties agree that, to fit within the constitutional limits of our long-arm statute, the sexual intercourse must be classified as a "tortious injury" under subsection (C)(1)(c) of the above statute. This question has never been decided in Arkansas; however, it has been held in other jurisdictions that the act of sexual intercourse between consenting adults is not a "tortious act" which would allow the forum state to invoke long-arm jurisdiction over the nonresident putative father. *B.* v. *P.*, 180 Colo. 439, 507 P. 2d 468 (1973), *Carrington* v. *Schutts*, 217 Kan. 175, 535 P. 2d 982 (1975).

The primary issue in a paternity case is whether the defendant is, in fact, the father — not whether *failure to support* was a wrong which the legislature intended to include within the meaning of "tortious act." The act of

sexual intercourse between consenting adults does not fall within the numerous definitions of a tort under the most liberal rules of construction. *B.* v. *P.*

Reversed.