Charles Kirk HOWARD *v.* COUNTY COURT OF
CRAIGHEAD COUNTY, Arkansas, and Roy C.
BEARDEN, Judge

82-170                               644 S.W.2d 256

Supreme Court of Arkansas
Opinion delivered January 10, 1983

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Dennis Zolper,* for appellees.

GEORGE ROSE SMITH, Justice. This is the second bastardy proceeding filed in the county court by Janine Sipa, a resident of Jonesboro, against Charles Kirk Howard, a resident of Crestview, Florida. The first proceeding was brought under the Uniform Interstate and International Procedure Act, Ark. Stat. Ann., Title 27, Ch. 25 (Repl. 1979), and was dismissed because the fathering of an illegitimate child is not a tortious act within the substantive jurisdiction contemplated by that act. *Howard* v. *County Court of Craighead County,* 272 Ark. 205, 613 S.W.2d 386 (1981).

The second complaint was then filed in the county court under Act 119 of 1963, which provides that "[a]ny cause of acton arising out of acts done in this State by an individual in this State . . . may be sued upon in this State, although the defendant has left this State," with a provision for service of process on the Secretary of State. Ark. Stat. Ann. § 27-339.1 (Repl. 1979), construed in *Bunker* v. *Bunker,* 261 Ark. 851, 552 S.W.2d 641 (1977), noted in 31 Ark. L. Rev. 541 (1977). Howard's motion to dismiss for want of personal jurisdiction was denied. This appeal is from the ensuing refusal of the circuit court to prohibit the maintenance of the proceeding in the county court.

Our decision turns upon the sufficiency of the mother's complaint in the county court. When an issue of jurisdiction arises under a broad long-arm statute such as Section 27-339.1, "the plaintiff must first establish the validity of his substantive cause of action." Leflar, American Conflicts Law, p. 68 (3d ed., 1977). The complaint must allege facts bringing the case within the long-arm statute and must state a prima facie cause of action. *See Texair Flyers* v. *District Court,* 180 Colo. 432, 506 P.2d 367 (1973); *Wuertz* v. *Garvey,* 287 Minn. 353, 178 N.W.2d 630 (1970); *United States Dental Inst.* v. *American Assn. of Orthodontists,* 396 F. Supp. 565 (D.C. Ill., 1975). Conclusory allegations do not suffice. *Nacci* v. *Volkswagen of America,* 297 A.2d 638 (Del. Super. Ct., 1972).

In the present case the complaint alleges that the mother and her child reside in Jonesboro, that at the time of the child's birth in 1969 the defendant was a resident of

Jonesboro, and that the defendant "is the father of this child." The complaint is fatally deficient in its failure to allege at least that the act of coition occurred in Arkansas, such an allegation being essential to bring the proceeding within Act 119 of 1963, encompassing causes of action "arising out of acts done in this State." Here no such act is alleged. The county court should have quashed the service, a new service of process being required when the complaint is amended to state a cause of action for the first time. *Arbaugh* v. *West,* 127 Ark. 98, 192 S.W. 171 (1917).

The appellant's plea of res judicata is without merit, for in the first case we merely held, without reaching the merits, that the cause of action was not within the Uniform Act. Nor is there any merit in the plea of limitations as a complete bar to the proceeding. *Dozier* v. *Veasley,* 272 Ark. 210, 613 S.W.2d 93 (1981).

Reversed and remanded for further proceedings.