Francine B. CARTER *v.* Thomas L. WILSON

82-286                                                    648 S.W.2d 472

Supreme Court of Arkansas
Opinion delivered April 4, 1983

*Cole & Orintas,* for appellant.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellee.

STEELE HAYS, Justice. Appellant filed this suit in Pulaski County, Arkansas, where she resides, for personal injuries sustained in a motor vehicle collision which occurred in Pickens County, Alabama on September 13, 1980. The defendant (appellee) is a resident of Alabama and was served with summons in Alabama. The complaint asserts that jurisdiction is based on Ark. Stat. Ann. § 27-610.1 (Repl. 1979). The defendant (appellee) moved to dismiss the suit pursuant to ARCP Rule 21 alleging the court had no jurisdiction over the defendant and the subject matter of the law suit. The trial judge granted the motion and appellant has appealed. We affirm.

Appellant cites Ark. Stat. Ann. § 27-2502, which lists a number of activities that will render a person answerable to suit in Arkansas, including a provision that a court of this State may exercise jurisdiction "on any other basis authorized by law." Appellant points to Ark. Stat. Ann. § 27-610.1 as such "other basis." It reads:

> Actions for damages for personal injury or death by wrongful act, where the accident which caused the injury or death occurred outside this State, shall be brought in the county in this State where the person injured or killed resided at the time of injury or in any county in which the defendant, or one [1] of several defendants, resides or is summoned.

But the argument has a fatal defect — § 27-610.1 is a *venue* statute and is not to be regarded as an attempt to give Arkansas courts jurisdiction over a non-resident motorist involved in an out-of-state collision. Section 27-610.1 assumes that jurisdiction exists over the defendant, and where that is so, the statute gives the plaintiff a choice of

forums. See 15 Ark. L. Rev. 436: "Venue Where Out-of-State Accident Gives Rise to Personal Injury or Wrongful Death Action."

Here the appellee resides in Alabama, the accident occurred in Alabama and for the purposes of this case, we may assume the appellee has never been in Arkansas. It is thoroughly settled that under the due process clause of the Fourteenth Amendment, where a resident of another state has no contacts with Arkansas, engages in no activities that would establish a "presence" here to render him amenable to suit, he is not subject to the in personam jurisdiction of this State. *Pennoyer* v. *Neff,* 95 U.S. 714 (1877). *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945). See Leflar, American Conflicts Law, 3rd Edition, Section 19.

If appellant could achieve her objective here, it would mean that a resident of California could motor to Maine, become involved in a collision, return to California and bring suit, thus forcing upon the Maine resident, not to mention the witnesses, the burden of defending a suit tried at the opposite end of the country.

Those restrictions [the due process clause] are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the several states. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had "minimal contacts" with that State that are a prerequisite to its exercise of power over him. *Hanson* v. *Denckla,* 357 U.S. 235 (1958) at 251.

The case was properly dismissed and the judgment is affirmed.