MALONE & HYDE, INC. *v.* Elvert CHISLEY and John Plegge, Circuit Judge of the Seventh Division Pulaski County Circuit Court

91-237                                    825 S.W.2d 558

Supreme Court of Arkansas
Opinion delivered February 10, 1992

*David Hodges*, for petitioner.

*Gary Eubanks & Assoc.*, by: *Darryl E. Baker* and *James Gerard Schulze*, for respondents.

ROBERT L. BROWN, Justice. This case presents the single issue of whether the circuit judge exceeded his authority in accepting jurisdiction of a lawsuit brought by a Louisiana resident, Elvert Chisley, against a non-resident corporate defendant, Malone & Hyde, Inc., involving an accident that occurred in Tennessee. We hold that he did, and we grant the petition of Malone & Hyde.

On January 14, 1988, Elvert Chisley, was driving a tractor-trailer rig for Arkansas Best Corporation on Interstate 40 in Madison County, Tennessee. A truck driven by an employee of

Malone & Hyde, a foreign corporation that transacts business in Pulaski County, Arkansas, struck the rear of Chisley's vehicle, and Chisley was injured. On January 20, 1991, Malone & Hyde filed a motion to dismiss on Rule 12(b) grounds, including lack of personal jurisdiction. After hearing the matter, the circuit judge denied the motion by letter opinion dated May 21, 1991. In that opinion he found that venue was proper in Pulaski County on the basis that Malone & Hyde had been summoned there and, further, that jurisdiction over the parties lay in Arkansas because Malone & Hyde was authorized to do business and had a registered agent in the state and maintained a business office in Jacksonville. Malone & Hyde then filed this petition for writ of prohibition on grounds that the circuit court exceeded its authority by assuming personal jurisdiction under these facts.

When addressing the question of a trial court's jurisdiction over the parties, we first look to the complaint for an allegation of sufficient facts. *Howard* v. *Craighead County Court*, 278 Ark. 117, 644 S.W.2d 256 (1983). If jurisdiction is not established by the complaint, the complaint is fatally deficient. *Id.*

For personal jurisdiction to exist over a non-resident defendant, there must be compliance with the Arkansas long-arm statute and personal jurisdiction must be consistent with due process. *Szalay* v. *Handcock*, 307 Ark. 232, 819 S.W.2d 684 (1991). The Arkansas long-arm statute states precisely what is required with respect to the transaction of business by a foreign defendant and the cause of action:

> 1. A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a (cause of action) (claim for relief) *arising from* the person's:
>
> (a) transacting business in this state.

Ark. Code Ann. § 16-4-101 (c)(1) (1987). (Emphasis ours.)

In the case before us, the first paragraph of Chisley's complaint reads:

> 1. Plaintiff is a resident of Louisiana and an employee of Arkansas Best Corporation, a foreign corporation with its principal place of business in Arkansas.

> Defendant is a foreign corporation transacting business in Arkansas. The events complained of occurred in Tennessee.

No facts are alleged in the pleading as to how the accident in Tennessee arose from the transaction of business by Malone & Hyde in Arkansas. Yet, that is exactly what the long-arm statute requires.

Under similar circumstances, we have held that the failure to allege facts connecting the transaction of Arkansas business to the accident in a foreign state is fatal to a cause of action. *See Howard* v. *Craighead County Court, supra.* Federal courts have reached the same conclusion in interpreting the Arkansas long-arm statute and considering complaints that fail to allege how the cause of action arose from the transaction of business in Arkansas. *See, e.g., Pearrow* v. *National Life & Acc. Ins. Co.,* 703 F.2d 1067 (8th Cir. 1983); *Davis* v. *The Kroger Co.,* 576 F.Supp. 1156, (W.D. Ark. 1983).

Chisley's complaint is plainly deficient in omitting sufficient facts which connect the Arkansas business of Malone & Hyde with the Tennessee accident. Personal jurisdiction over Malone & Hyde in the Pulaski County circuit court is, therefore, lacking, and the circuit judge acted in excess of his authority when he assumed jurisdiction over the parties.

A question remains concerning whether prohibition is the appropriate remedy under these facts. Where an alternative avenue for relief exists, we have been reluctant to grant the extraordinary remedy of prohibition. *See, e.g., Lowery* v. *Steel,* 215 Ark. 240, 219 S.W.2d 932 (1949). Malone & Hyde, however, does not appear to have an alternative remedy which is adequate. Certainly, forcing it to go through a trial in a court that has no jurisdiction on its face is unreasonable. This provides the petitioner only with speculative hope of success on appeal, should it not prevail before the jury.

Chisley raises one final point in support of jurisdiction. The long-arm statute specifically states that it does not displace other bases for jurisdiction authorized by law. *See* Ark. Code Ann. § 16-4-101(F) (1987). This court has looked to § 16-4-101(F) on occasion as a vehicle for establishing personal jurisdiction in a

particular court on other common law grounds. *See, e.g., Levi Strauss & Co.* v. *Crockett Motor Sales, Inc.*, 293 Ark. 502, 739 S.W.2d 157 (1987) (personal jurisdiction exists for collection of a debt if the debtor or his property can be found in Arkansas). Chisley argues that a common law basis is present in this case and that the circuit judge was correct in asserting jurisdiction predicated on *Running* v. *Southwest Freight Lines, Inc.*, 227 Ark. 839, 303 S.W.2d 578 (1957).

The *Running* case, which was decided in 1957, premised jurisdiction over a nonresident corporate defendant that did business in Arkansas on the basis that the cause of action was transitory and could be brought wherever the defendant could be served with process. In doing so, this court relied on earlier case law. *See Yockey* v. *St. Louis-San Francisco Ry. Co.*, 183 Ark. 601, 37 S.W.2d 694 (1931); *St. Louis I.M. & S.R. Co.* v. *Haist*, 71 Ark. 258, 72 S.W. 893 (1903); *St. Louis & San Francisco Ry. Co.* v. *Brown*, 62 Ark. 254, 35 S.W. 225 (1896). Six years later, the long-arm statute was enacted. It established specific bases for personal jurisdiction and required more than the mere presence of a corporate agent or a corporate office in the state for jurisdiction to lie. Act 101 of 1963, now codified as Ark. Code Ann. § 16-4-101 (1987). The long-arm statute displaced the common law principle of the transitory cause of action as a rationale for asserting jurisdiction over corporate defendants and, as discussed above, required that the cause of action arise out of prescribed conduct such as the transaction of business in Arkansas. It would be illogical for the General Assembly to include the transitory cause of action as another basis for jurisdiction under section 16-4-101(F), when the purpose of the statute was to displace such theories of jurisdiction and give shape and structure to what had become a vague and tangled area of the law.

In short, the long-arm statute now defines the basis for jurisdiction over non-resident corporate defendants. To the extent that *Running* v. *Southwest Freight Lines, Inc., supra*, and the cases on which it relies, stand for the principle that service upon an agent appointed by a foreign corporation to receive process in this State confers personal jurisdiction in a transitory action regardless of the long-arm statute, we overrule them.

The petition for writ of prohibition is granted.