Billie FAUSETT *v.* Rodney HOST and Sheila Host

93-470                                                868 S.W.2d 472

Arkansas Supreme Court
Opinion delivered January 18, 1994

*Jerry Patterson*, for petitioner.

*Phillip A. McGough, P.A.*, for respondents.

DAVID NEWBERN, Justice. The question in this case is whether a writ of prohibition may issue to prevent a trial court from asserting *in personam* jurisdiction. We hold that, when a trial court has made a determination that a person's contacts with Arkansas are sufficient to satisfy the minimum contacts requirement of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and Ark. Code Ann. § 16-4-101 C.1.(a) (Supp. 1993), the proper manner of challenging the decision is by appeal and not by a petition for a writ of prohibition.

Rodney and Sheila Host, the respondents, live in North Little Rock. They filed a complaint in Pulaski Circuit Court against Billie Fausett, the petitioner, who is a Missouri resident. The complaint alleged conversion and breach of a lease with option to purchase agreement. They claim Ms. Fausett improperly ousted them from the property which was the subject of the agreement and converted funds the Hosts had paid to her pursuant to the agreement. Ms. Fausett was served with process in Missouri. She moved to dismiss because the Trial Court lacked jurisdiction of her. A hearing was held, and the motion was denied.

At the hearing Mr. Host testified he was interested in buying a business in Branson, Missouri. He found a real estate agent by consulting a Branson newspaper. The agent he selected lives in Oak Grove, Arkansas, but does business in Branson. The agent led him to Billie Fausett, owner of a donut shop in Branson which was, apparently, for sale. The transaction then proceeded by telephone and by mail. There were two phone calls between Mr. Host and Ms. Fausett made while Mr. Host was in North Little Rock, and Ms. Fausett was at the home of her mother in Marshall, Arkansas. In one of them Ms. Fausett discussed the transaction. Mr. Host testified that Ms. Fausett had told him her mother, who lives in Marshall, is her accountant.

A contract form was sent to the Hosts. They signed an offer at their home in North Little Rock. It was not accepted. Another contract was mailed to them, they again executed it in North Little Rock, and it was accepted. Mr. Host testified that his sister lived in Branson and ran the business for them for some eight months. The Hosts also presented documentary evidence having to do with Ms. Fausett's use of Arkansas suppliers of goods to the donut shop. We regard that evidence as irrelevant to the transaction at hand.

In his remarks preceding his decision to deny the motion to dismiss, the Trial Court acknowledged that our decision in *CDI Contractors, Inc.* v. *Goff Steel Erectors, Inc.*, 301 Ark. 311, 783 S.W.2d 846 (1990), stated that use of interstate mail, telephone, railway, and banking facilities is insufficient, standing alone, to satisfy due process in asserting long-arm jurisdiction of a nonresident corporation. He then, however, referred to *SD Leasing, Inc.* v. *Al Spain & Assoc., Inc.*, 277 Ark. 178, 640 S.W.2d 451

(1982), noting that it seemed important that the contract was signed (at least by one of the parties) in Arkansas. In his order, the Trial Court stated that the contacts with Arkansas were sufficient to satisfy the requirements set out in *International Shoe Co.* v. *Washington, supra.*

In response to Ms. Fausett's petition for a writ of prohibition, the Hosts cite *Wisconsin Brick and Block Corp.* v. *Cole, Judge,* 274 Ark. 121, 622 S.W.2d 192 (1981). As in the case now before us, the question there was whether the claim arose out of the defendant's "[t]ransacting any business in this state." Ark. Code Ann. § 16-4-101 C. 1.(a) (Supp. 1993). We noted that "The purpose of this section of the statute is to permit courts to exercise the maximum personal jurisdiction allowable by due process. . . ." Then we quoted *Hawes Firearm Co.* v. *Roberts,* 263 Ark. 510, 565 S.W.2d 620 (1978), as follows:

> A non-resident defendant filing a motion to dismiss or quash [on grounds that there are not sufficient contacts within the state] has the burden of going forward and offering proof to sustain the allegations of the motion. If the motion is denied, this does not mean that the plaintiff is relieved from establishing jurisdiction; it merely means that at this point in the proceedings a prima facie case of jurisdiction sufficient to take the cause to trial has been made.

We concluded our opinion in the *Wisconsin Brick and Block Corp.* case as follows:

> Whether the "minimum contacts" test has been satisfied is a question of fact. In cases where jurisdiction depends upon the establishment of facts, the issue of jurisdiction must be decided by the trial court, and even if that decision should be wrong, we correct that error on appeal and not on prohibition. *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S.W.2d 98 (1936).

In her reply brief, Ms. Fausett responds to the Hosts' citation of the *Wisconsin Brick and Block Corp.* case by saying the nonresident defendant in that case "had purchased brick products from [the plaintiff] . . . the resident seller, for 20 years, thus flunking the threshold question" of minimum contacts. She also

says she has met the burden of the *Hawes Firearm Co.* case by showing at a hearing that there were no Arkansas contacts with respect to her participation in the transaction at hand. Both of those assertions have to do with facts which must be determined in the process of deciding whether there is jurisdiction of the person. They do not answer the holding in the *Wisconsin Brick and Block Corp.* case.

In *Harris, Distributors, Inc.* v. *Marlin, Judge*, 220 Ark. 621, 249 S.W.2d 3 (1952), we discussed the role of the writ of prohibition: "Of course the writ has in fact a well established place in our procedure. In the usual case it issued when the record shows without dispute that the trial court lacks jurisdiction of the person or of the subject matter." The general reference to "jurisdiction of the person" as a basis for a writ of prohibition gives us pause. The case was not one which dealt with lack of jurisdiction of the person, however, and the only citation given for the *obiter dictum* with which we are concerned was *Gainsburg* v. *Dodge*, 193 Ark. 473, 101 S.W.2d 178 (1937). There it was held, based on a statute in effect at the time, that a nonresident defendant could not be subjected to a personal judgment (injunction) on the basis of constructive service of process.

There was a time and circumstance when the writ of prohibition was the only adequate remedy for one challenging a court's assertion of *in personam* jurisdiction. The time, encompassing 1937 when the *Gainsburg* case was decided, was prior to the adoption of the Arkansas Rules of Civil Procedure, and the circumstance was when there had been no service of process, or faulty service, upon the defendant. We explained the situation in *Order of Ry. Conductors of America* v. *Bandy*, 177 Ark. 694, 8 S.W.2d 448 (1928) [overruled in, *Anheuser-Busch, Inc.* v. *Manion*, 193 Ark. 405, 100 S.W.2d 672 (1937)]. Finnegan sued the Order of Railway Conductors of America (Order), which was essentially a mutual benefit organization, alleging it had failed to pay benefits due to him as the result of an injury he sustained while working as a railroad conductor. The Order was not a resident of Arkansas. The complaint was served on the Arkansas Insurance Commissioner. The Order entered a "special appearance" to object to jurisdiction, and the objection was overruled. The Order sought a writ of prohibition. The writ was granted. Chief Justice Hart wrote:

Where the court has jurisdiction over the subject matter, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy. [Citation omitted.] But that condition is not the status here. The question of jurisdiction in the case at bar does not turn upon the sufficiency or insufficiency of the service of process, and the fact that the circuit court held it to be sufficient does not avail. A different rule prevails where there is an entire want of service or where, upon the face of the record, it is shown that there was no service and that none could be acquired. In the case at bar the jurisdiction or lack of jurisdiction of the circuit court did not depend upon facts which are not made a matter of record in the proceedings in that court. It appears from the face of the record in the case in the circuit court that it was not authorized to proceed, and it affirmatively appears from the face of the record that no service of process was had upon the defendants and that they did not enter their appearance.

The opinion then discussed the propriety of the writ of prohibition and pointed out that if the Order had appealed from the denial of its motion to quash the service of process it would have been considered to have recognized the court's jurisdiction and thus entered a general appearance. There was thus a "Catch-22" situation which does not exist today. We recognized the hypertechnicality and unfairness of the rule in the *Anheuser-Busch, Inc.* case.

The last vestiges of the distinction between "special appearance" and "general appearance" were abolished with the adoption of Ark. R. Civ. P. 12(b) which provides for raising various defenses, including "lack of jurisdiction over the person," by motion or in a responsive pleading at the option of the pleader. The Rule then provides, "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading." Both this Court and the Arkansas Court of Appeals have recognized and said clearly that the distinction between special appearance and general appearance no longer exists. *Arkansas Game and Fish Comm.* v. *Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987); *Searcy Steel Co.* v. *Merchants Bank of*

*Jonesboro*, 19 Ark. App. 220, 719 S.W.2d 277 (1986). *See also* Reporter's Note 5. to Ark. R. Civ: P. 12. The fact that taking an appeal may at one time have been considered to have amounted to making a "general appearance" thus has historical significance only.

We find no modern case in which a writ of prohibition has been issued by this Court to prevent a trial court from proceeding after having made a determination, based on § 16-4-101 C.1.(a)., that a party is within its jurisdiction. There are, however, cases in which we have discussed related issues.

In *Howard* v. *County Court of Craighead County*, 278 Ark. 117, 644 S.W.2d 256 (1983), a mother brought a paternity action against a nonresident of Arkansas in the County Court. The defendant moved to dismiss for lack of *in personam* jurisdiction. The motion was denied in the County Court. The defendant's petition for a writ of prohibition in the Circuit Court was denied, and he appealed. We treated the appeal as turning on the adequacy of the complaint. We reversed on the basis that the complaint had failed to state facts bringing it within the broad provision of Act 119 of 1963, now codified as Ark. Code Ann. § 16-58-120 (1987). The defendant did not seek a writ of prohibition in this Court. The case came to this Court on appeal, and we did not discuss the propriety of prohibition.

We are aware of two cases in which we have actually granted writs prohibiting a trial court from proceeding against a person of whom it lacked jurisdiction for reasons other than failure of service of process. In *Gillioz* v. *Kincannon, Judge*, 213 Ark. 1010, 214 S.W.2d 212 (1948), the jurisdiction asserted by the Trial Court was on the basis of a statute purporting to grant such jurisdiction retroactively. We held that the retroactivity clause in the statute was invalid and granted the writ with no discussion of the propriety of the writ as opposed to appeal.

In *Malone & Hyde, Inc.* v. *Chisley*, 308 Ark. 308, 825 S.W.2d 558 (1992), prohibition was sought to prevent the Trial Court from proceeding with a case which had been brought by a resident plaintiff against a nonresident defendant corporation. We followed the *Howard* case, holding that the complaint was deficient because it failed to allege any facts showing that the Trial

Court had jurisdiction of the defendant. Unlike the *Howard* case, however, the *Malone & Hyde, Inc.* case was before us as an original action seeking a writ of prohibition. We granted the writ, and here is what we said:

> A question remains concerning whether prohibition is the appropriate remedy under these facts. Where an alternative avenue for relief exists, we have been reluctant to grant the extraordinary remedy of prohibition. *See, e.g., Lowery* v. *Steel,* 215 Ark. 240, 219 S.W.2d 932 (1949). Malone & Hyde, however, does not appear to have an alternative remedy which is adequate. Certainly, forcing it to go through a trial in a court that has no jurisdiction on its face is unreasonable. This provides the petitioner only with speculative hope of success on appeal, should it not prevail before the jury.

As in the *Howard* case, we were evaluating the complaint to determine if it adequately stated a basis of jurisdiction of the defendant. In the case now before us, we are not concerned with the pleadings but with the decision of the Trial Court, made after holding a hearing and taking evidence relating to the question of jurisdiction of Ms. Fausett.

Our discussion in the *Malone & Hyde, Inc.* case about the adequacy of appeal as a remedy was not meant to suggest that any time a trial court has decided the issue of jurisdiction of the person the decision may be tested by seeking a writ of prohibition. To the extent the language we used in that case could be so interpreted, we withdraw it.

We recognize that we commonly issue writs of prohibition when venue is improperly laid and that we have said that situation is the equivalent of a lack of jurisdiction of the person. *Thompson* v. *Dunlap,* 244 Ark. 178, 424 S.W.2d 360 (1968). *Cf. Mark Twain Life Ins. Corp.* v. *Cory,* 283 Ark. 55, 670 S.W.2d 809 (1984).

We take no position on the correctness of the Trial Court's conclusion that Ms. Fausett's conduct amounted to transacting business in Arkansas or that she had sufficient minimum contacts to subject her to the Court's jurisdiction. Our only decision is that, when that is the question to be determined on the basis

of evidence produced or to be produced before the Trial Court, prohibition is not the proper means to challenge a decision that jurisdiction lies. *Wisconsin Brick and Block Corp.* v. *Cole, Judge, supra.*

Writ denied.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. When considering whether prohibition will lie, we determine the jurisdiction of the trial court by looking to the pleadings rather than the proof. *Pryor* v. *Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 788 (1990). Furthermore, when we address the question of jurisdiction under the Arkansas long-arm statute, [Ark. Code Ann. § 16-4-101 (1987)], we first determine whether the complaint alleges sufficient facts for jurisdiction to attach. *Malone & Hyde, Inc.* v. *Chisley*, 308 Ark. 308, 825 S.W.2d 558 (1992); *Howard* v. *Craighead*, 278 Ark. 117, 644 S.W.2d 256 (1983).

This complaint falls considerably short of meeting the requirements of the long-arm statute. It fails to allege a single fact which would give rise to in personam jurisdiction over the petitioner, Billie Fausett, by the courts of this state.

The respondents, Rodney and Shelia Host, are residents of Arkansas. They went to Branson, Missouri, and seeing an ad in a Branson newspaper, contacted the agent, and eventually entered into a contract to purchase a doughnut shop from the owner, Billie F. Fausett. Ms. Fausett was a resident of Missouri. Evidently, the Hosts defaulted and Ms. Fausett reclaimed the property, whereupon the Hosts filed suit in Arkansas.

The problem is the Hosts have alleged no facts whatever connecting Ms. Fausett with the State of Arkansas which would give rise to jurisdiction. There was a hearing before the trial court, but no facts were developed giving Arkansas in personam jurisdiction. The facts noted by the trial court were that the contract of sale was signed by the plaintiffs in Arkansas, that "Arkansas Banks were involved" and that the seller's real estate agent "lived in Arkansas."

As to the involvement of Arkansas banks, the extent of that proof was that the Hosts simply continued to use a preexisting

bank account in Arkansas in the operation of the business they had purchased in Missouri. That fact had nothing whatever to do with Ms. Fausett. Similarly, the agent's place of residence was wholly coincidental; there was no evidence that he solicited the Hosts in Arkansas. The Hosts contacted him at his Missouri office pursuant to an ad in a Missouri newspaper. An offer may have been signed in Arkansas for the convenience of the Hosts, but the only offer in the record was not accepted and what happened subsequently is not disclosed. But these are mere details and whether viewed separately or collectively, they do not produce the "substantial connection" between the transaction and this state for jurisdiction of the person to attach. *McGhee* v. *International Life Ins. Co.*, 355 U.S. 200, (1957); *SD Leasing, Inc.* v. *Al Spain & Associates, Inc.*, 277 Ark. 178, 640 S.W.2d 451 (1982).

Of the several factors of the long-arm statute recognizing personam jurisdiction, the only one having any application here relates to jurisdiction "arising from the person's . . . transacting any business in this state." Ark. Code Ann. § 16-4-101(C)(1)(a) (1987). The plain fact is the Hosts have failed to allege or produce evidence that Mrs. Fausett has transacted any business whatever in Arkansas.

In *Carter* v. *Wilson*, 279 Ark. 58, 648 S.W.2d 472 (1983), we addressed the requirements of the due process clause:

> It is thoroughly settled that under the due process clause of the Fourteenth Amendment, where a resident of another state has no contacts with Arkansas, engages in no activities that would establish a "presence" here to render him amenable to suit, he is not subject to the in personam jurisdiction of this State. *Pennoyer* v. *Neff*, 95 U.S. 714 (1877). *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945). R. Leflar, *American Conflicts of Law* § 19, 3rd Ed.

I believe prohibition is the appropriate remedy and a writ of prohibition should issue. *Malone & Hyde Inc.* v. *Chisley, supra.*