Winnie MARCHANT *v.* Robert PEEPLES

81-129                               623 S.W. 2d 523

Supreme Court of Arkansas
Opinion delivered November 9, 1981

*Richard Quiggle,* for appellant.

*Gary P. Barket,* for appellee.

DARRELL HICKMAN, Justice. Winnie Marchant, an Arkansas resident, filed a malpractice suit in Little Rock against Robert Peeples, a Texas lawyer. She claimed that he was negligent in allowing a default judgment to be entered against her in a divorce suit filed by her husband in Texas. Peeples was served in Texas through Arkansas's "long arm" statute. He filed a motion to dismiss for lack of jurisdiction. After hearing testimony from both parties, the trial court ruled that Peeples did not have the necessary "minimum contacts" in Arkansas to bestow personal jurisdiction on the Arkansas court. On this sole issue we uphold the trial court.

The undisputed facts are that Peeples is a Texas lawyer licensed only to practice in Texas. He has had no contacts in Arkansas, except with Mrs. Marchant, and those have been by telephone or mail. He has not solicited any business in this state nor provided any services in this state. He did not initiate contact with Mrs. Marchant. According to Peeples, a Mississippi lawyer contacted him about representing Mrs. Marchant in the Texas action. The Mississippi lawyer represented Mrs. Marchant in Mississippi in a separate maintenance suit between the Marchants. Mrs. Marchant agreed that Peeples did not initiate the contact.

The parties disagreed on whether Peeples was ever actually hired to represent Mrs. Marchant in the Texas action. There is no doubt, however, that Peeples did not file an answer to Mr. Marchant's petition for divorce and a default judgment was entered against Mrs. Marchant. Later Peeples filed a motion for a new trial. Evidently they talked by telephone several times about the divorce. Mrs. Marchant said Peeples was to be paid his fee from the proceeds of a Mississippi judgment against her husband for back support. Peeples denies that he ever accepted employment, but conceded that he talked with Mrs. Marchant several times, mailed her a copy of the decree, and filed a motion for a new trial.

For purposes of appeal we assume the claim against Peeples to be meritorious. But we cannot say that the trial court was clearly wrong and, therefore, affirm its finding.

In *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945), the United States Supreme Court held that under certain circumstances a state could exercise personal jurisdiction over a defendant not present in the forum state, thereby clearing the way for a judgment against that person that would be legally recognized in other states. Due process of law is satisfied if a defendant has "certain minimum contacts" with the forum state and the suit does not offend "traditional notions of fair play and substantial justice."

Arkansas adopted a "long arm" statute after the *International Shoe Company* decision to provide for such

jurisdiction over nonresidents. *See* Ark. Stat. Ann. § 27-340 (Repl. 1962). That statute was superseded when Arkansas was the first state to adopt the Uniform Interstate and International Procedure Act. Ark. Stat. Ann. §§ 27-2501 — 27-2507. *See* Woods, The Uniform Long-Arm Act in Arkansas: The Far Side of Jurisdiction, 22 Ark. L. Rev. 627 (1969). Peeples was served in Texas under this Act and three provisions of it are cited as permitting personal jurisdiction in this case: First is Ark. Stat. Ann. § 27-2502 (C) (1) (a) which allows service against one "transacting business in this State;" second, § 27-2502 (C) (1) (c) where one causes "tortious injury by an act or omission in this State;" and, third, Ark. Stat. Ann. § 27-2502 (C) (1) (d) "causing tortious injury in this State by an act or omission outside the State if he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services in this State."

The plain language in the Act is no aid to Marchant's claim. It would strain the Act to say that Peeples was transacting business in Arkansas. He was hired in Texas to work in Texas. He never came to Arkansas and offered no services here. The negligent act complained of was failing to file a pleading in Texas. The appellant's main argument rests on Ark. Stat. Ann. § 27-2502 (C) (1) (d) which deals with an act occurring outside the state but causing injury in this state. Yet, the appellant ignores the rest of paragraph (d) which reads: . . . *"[I]f he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services used in this State."* [Emphasis added.]

Mrs. Marchant relies on decisions of this court, and other courts, that have interpreted the statutory language, and, in similar cases, have found "minimum contacts" that will satisfy the due process clause. We must disagree with the argument that those decisions support a finding of personal jurisdiction in this case. Just recently in *Wisconsin Brick and Block Corp. v. Cole,* 274 Ark. 121, 622 S.W. 2d 192 (1981), we examined the same problem. Wisconsin Brick had been buying bricks in Arkansas for twenty years. They

refused to accept a shipment and were sued in Arkansas. The trial court held that this long established contact with Arkansas satisfied the due process requirement and we affirmed that decision when the defendant filed a petition for a writ of prohibition. Before us is one isolated contact initiated by an Arkansas resident, not the nonresident as was the case in *Wisconsin.*

The appellant cites the case of *Block* v. *District Court of Denver,* 197 Col. 184, 590 P. 2d 964 (1979) as being directly in point. In *Block,* an Illinois law firm was sued in Colorado for coercing a Colorado client to sign a contract that divested the client and others of an interest in Colorado property. The wrongful act took place in Illinois. The Colorado court found minimum contacts and said that the law firm could foresee that its act would cause damage in Colorado. But the court emphasized two facts: The act by the law firm was intentional, not just negligent; and, a member of the law firm had actually been to Colorado to view the property. Neither of these facts exists in this case.

In the case of *Meyers* v. *Smith,* 460 F. Supp. 621 (D.D.C. 1979), a nonresident attorney was found to be "transacting business" in the District of Columbia. However, he was a member of a District of Columbia law firm and he solicited the plaintiff's business while holding himself out to be a member of the local law firm. These facts do not exist in this case.

The case of *Hanson* v. *Denckla,* 357 U.S. 235 (1938) is persuasive. A Delaware trustee administered a Pennsylvania trust created by a Pennsylvania testatrix. Later the testatrix moved to Florida where suit was brought against the Delaware trustees. There had been considerable correspondence between the parties after the testatrix moved to Florida. The court held that there were sufficient contacts to bestow personal jurisdiction in Florida, pointing out that a defendant must purposefully avail himself of the privilege of conducting activities in the forum state.

Mrs. Marchant argues that the Texas lawyer could foresee that he could be sued in Arkansas when he accepted

employment. While foreseeability is one factor to be considered in such cases, that alone will not satisfy the due process requirement. *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286 (1980). In our judgment it is virtually inconceivable that a lawyer in Peeples' position, assuming the facts we have recited, could have foreseen that he could be sued in Arkansas for any negligent act he performed in Texas. The constitutional requirement that "minimum contacts" exist has not been met in this case.

Affirmed.

ADKISSON, C.J., not participating.