SD LEASING, INC. *v.* AL SPAIN AND ASSOCIATES,
INC., and Albert L. SPAIN

82-214                                    640 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered October 18, 1982

*Rose Law Firm, P.A.,* by: *James H. Penick, III,* for appellant.

No brief for appellees.

RICHARD B. ADKISSON, Chief Justice. The sole issue presented in this appeal is whether the Pulaski County Circuit Court has personal jurisdiction over appellee, Al Spain and Associates, Inc. under the Arkansas long arm statute, Ark. Stat. Ann. § 27-2502 (Repl. 1979), as limited by the due process clause of the 14th Amendment.

Appellee, a Florida corporation, defaulted on a non-cancelable lease agreement between it and appellant, SD Leasing, Inc., an Arkansas corporation, and appellant filed suit in Arkansas to recover the balance due. The trial court granted appellee's motion to dismiss for lack of personal jurisdiction. On appeal, we reverse.

The lease agreement between appellant and appellee concerned a Minolta copier machine which was originally owned by Copytronics, Inc., a corporation located in Florida. Appellant purchased the machine from Copytronics and then leased it to appellee. Negotiations for the lease of the machine took place in Florida where appellee signed an original lease form from SD Leasing and filled out a customer credit check sheet. Copytronics mailed these documents along with an invoice with the price of the machine to appellant. Upon receipt of these documents, appellant reviewed the lease and ran a credit check on appellee. Appellant then approved and accepted the lease and paid Copytronics for the machine. Copytronics delivered the machine to appellee and appellant called appellee to make certain the machine had been installed. Appellant also mailed appellee a copy of the executed lease, a

coupon book for monthly payments, and an explanatory letter.

Appellee made several payments pursuant to the lease agreement, but then notified appellant by mail that the company was going out of business because of financial difficulties. No more payments were made and Copytronics subsequently picked up the copier for appellant.

Ark. Stat. Ann. § 27-2502 (Repl. 1979) provides that a court may exercise personal jurisdiction over a person as to a cause of action arising from that person's "transacting any business in this State." We have held that the purpose of this statute is to expand our state's personal jurisdiction over nonresidents, within the limits permitted by the due process clause of the United States Constitution. *Nix* v. *Dunavant*, 249 Ark. 641, 460 S.W.2d 762 (1970).

*International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945) set out the due process requirements for personal jurisdiction: In order for a valid judgment to be rendered against a nonresident defendant not served within the forum state, due process requires that "certain minimum contacts" exist between the nonresident and the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " A single contract can provide the basis for the exercise of jurisdiction over a nonresident defendant if there is a substantial connection between the contract and the forum state. *See McGee* v. *International Life Ins. Co.*, 355 U.S. 220 (1957).

Here, there were sufficient minimum contacts to meet the *International Shoe* and *McGee* standards. Although appellee executed the lease in Florida, it was then mailed to appellant in Arkansas where it was reviewed, approved, and finally accepted. Appellee mailed its monthly payments directly to appellant in Arkansas as well as two memos informing appellant it was going out of business. One of the memos stated that appellee had telephoned appellant to inform appellant of its financial difficulties but no one had returned its call.

Furthermore, we note that Ark. Stat. Ann. § 85-1-105 (Add. 1961) states that when a transaction bears a reasonable relation to this state and also to another state, "the parties may agree that the law either of this state or of such other state . . . shall govern their rights and duties." Here, the lease agreement specifically provided that the lease "shall be governed by and construed under the laws of the State of Arkansas." While the fact that the parties so agreed does not give an Arkansas court personal jurisdiction in and of itself, it does provide another contact with this state which goes to satisfy the "minimum contacts" requirement of *International Shoe, supra.*

In addition to these substantial contacts with the State of Arkansas, appellee subjected himself to personal jurisdiction of the Arkansas courts by expressly agreeing in the lease that:

> . . . in the event of default . . . he will consent to and be subject to the jurisdiction of the courts of the State of Arkansas to enforce the terms of this lease.

Such a clause is enforceable if it is determined to be fair and reasonable. *See* Leflar, *American Conflicts Law,* 115 (1968); *Reeves* v. *Chem Industrial Co.,* 262 Or. 95, 495 P.2d 729 (1972); *Central Contracting Co.* v. *C. E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810 (1965). Certainly this provision is fair and reasonable under the circumstances of this case.

Because there were sufficient "minimum contacts" between appellant and Arkansas and because of this express agreement, it was error for the trial court to dismiss appellant's complaint for lack of personal jurisdiction over appellee.

Reversed.

GEORGE ROSE SMITH and DUDLEY, JJ., dissent.

GEORGE ROSE SMITH, Justice, dissenting. Of the seven subsections of our long-arm statute recognizing personal jurisdiction based on conduct, the only one applicable to

this case relates to jurisdiction "arising from the person's . . . transacting any business in this State." Ark. Stat. Ann. § 27-2502 (C) (1) (a). Even construing that language to the extreme limit allowable under the due process clause, I cannot agree that the appellee transacted any business in Arkansas.

In a sale-and-financing transaction which took place in Florida, Copytronics and the appellee executed documents by which Copytronics ostensibly sold a machine to SD Leasing, an Arkansas company, and SD Leasing ostensibly leased the machine to the appellee. The machine and all the negotiations were in Florida. The documents were sent to Arkansas, where SD Leasing approved the transaction by signing the papers. Neither the machine nor the appellee was ever in Arkansas. The appellee made payments by mail to SD Leasing's office in Arkansas. I do not see how it can fairly be said that the appellee transacted business in Arkansas.

The lease itself is a printed form, made especially for SD Leasing. It consists of 23 numbered paragraphs, all of which except three are in fine print. The three paragraphs in capital letters are: (1) a provision for a late charge of 1½% a month or the maximum allowed by law; (2) a disclaimer by SD Leasing of all express or implied warranties: and (3) a statement that the lease is non-cancellable and an acknowledgement that the lessee had read the agreement in its entirety. In every respect the lease is written for the benefit and advantage of the lessor (which appears actually to be a finance company). In the circumstances I do not see how the court can say that a fine-print clause attempting to subject the appellee to Arkansas jurisdiction is "certainly" fair and reasonable.

I would affirm the judgment.

Dudley, J., joins in this dissent.