Amanda KILCREASE *v.* James BUTLER

86-173                                        739 S.W.2d 139

Supreme Court of Arkansas
Opinion delivered November 9, 1987

*Witt Law Firm*, P.C., by: *R. Kevin Barham*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Ben Core* and *Jan West Whitt*, for appellee.

JOHN I. PURTLE, Justice. The trial court granted appellee's separate motion to dismiss for lack of jurisdiction pursuant to ARCP 12(b)(2). Appellant argues that the trial court erred in holding that the appellee did not have substantial contacts with the state sufficient to give Arkansas jurisdiction over the appellee without offending due process. We find that the trial court did not commit error in granting appellee's motion.

The appellant, whose husband died of histoplasmosis capsulatum, brought a wrongful death action alleging that two Arkansas physicians and appellee, a Texas physician, were negligent in failing to test for the disease. The appellant's husband was a resident of Arkansas who sought treatment from the Arkansas doctors. One of these doctors sent the husband's tissue sample to the appellee in Houston, Texas. The appellee is a salaried employee of the University of Texas M.D. Anderson Hospital where he works in the pathology department examining tissue at the request of physicians around the country. The appellee analyzed the tissue and mailed a report of his findings back to the doctor in Arkansas. This was the fourth time in two years the appellee had so consulted with an Arkansas doctor.

Arkansas Statute Annotated § 27-2502(C)(1)(d) (Repl. 1979) provides for service against anyone who causes a tortious injury within the state by an act or omission outside the state if he regularly does or solicits business in this state, or engages in any other persistent course of conduct in this state, or derives substantial revenue from goods consumed or services performed in this state. The purpose of the Arkansas long arm statute is to allow such personal jurisdiction over nonresidents as is allowed by the due process clause of the United States Constitution. *S.D. Leasing, Inc.* v. *Al Spain and Associates*, 277 Ark. 178, 640 S.W.2d 451 (1982); and *Nix* v. *Dunavant*, 249 Ark. 641, 460 S.W.2d 762 (1970).

The issue of whether or not a trial court committed error by

dismissing a cause of action against a nonresident for lack of jurisdiction was considered by this Court in *Marchant* v. *Peeples*, 274 Ark. 233, 623 S.W.2d 523 (1981). In *Marchant* a Texas lawyer was allegedly hired by an Arkansas resident to answer a divorce complaint filed against her in Texas. A default judgment was entered against the Arkansas resident and the subsequent suit that was brought against the Texas lawyer in Arkansas was dismissed by the trial court for lack of jurisdiction.

The *Marchant* court affirmed the trial court's decision relying in part on *World-Wide Volkswagen Corp.* v. *Woodsen*, 444 U.S. 286 (1980). There the United States Supreme Court explained that the foreseeability that is critical to due process occurs when the nonresident's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court in the forum state. When a business purposefully avails itself of the privilege of conducting activities within the forum state, it has clear notice that it is subject to a suit in that state.

A state does not abuse due process when it asserts jurisdiction over a business that delivers its product into the stream of commerce within a state with the expectation that it will be purchased by consumers in that state. However, when a business does not market its product to the forum state and there is no evidence that its products are sold to retail customers in the forum state, the mere foreseeability that a product may be used in the forum state is not enough of a contact to satisfy due process. *World-Wide Volkswagen Corp.* v. *Woodsen, supra.*

After discussing the necessary elements which give the state personal jurisdiction over nonresidents, the *Marchant* court stated:

> In our judgment it is virtually inconceivable that a lawyer in Peeple's position, assuming the facts we have recited, could have forseen that he could be sued in Arkansas for any negligent act he performed in Texas. The constitutional requirement that 'minimum contacts' exist has not been met in this case.

We think the reasoning in the *Marchant* opinion is controlling in the present case. It is clear that the only contact appellee had with

Arkansas was to mail the reports of his tissue examinations to Arkansas doctors. It was not shown that the appellee was paid for these reports, or that his reports contained advice on the treatment of the Arkansas patients, or even that the Arkansas doctors relied on his reports. Thus, we find that the appellee's contacts through the mail with Arkansas doctors did not put him on notice that he could be subjected to a lawsuit in Arkansas. The appellee's contacts with Arkansas do not satisfy the minimum necessary to assert jurisdiction under the due process clause of the United States Constitution.

Affirmed.

GLAZE, J., concurs.