Barbara BROWN, Plaintiff,

v.

PST VANS, INC., Defendant.

Civ. No. 92–2034.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

June 19, 1992.

R. Gunner DeLay, DeLay Law Firm, Fort Smith, Ark., for plaintiff.

James M. Dunn, Matthew H. Warner, Warner and Smith, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

This is a diversity suit for wrongful discharge and defamation. The plaintiff, Barbara Brown, is a former employee of defendant PST Vans, Inc., a Utah corporation. In October, 1990, Ms. Brown was hired in Colorado as an over-the-road truck driver; she was eventually promoted to be an instructor and was allowed to drive a 1992 Freightliner conventional truck.[1] In February, 1991, Ms. Brown was called into active duty by the Marine Corps to join Operation Desert Storm. According to the

---

1. PST uses a variety of trucks ranging from old to modern and attempts to provide the employ-

ees with seniority with the newer, more modern trucks.

complaint, when she told her supervisor about her call to active duty, she was fired.

When Ms. Brown returned from active service, she was rehired in April, 1991, and was reinstated to her former position as an instructor but was not returned to a modern truck.[2] Instead she received a 1987 Freightliner conventional truck, which, she alleges, had "numerous mechanical problems which prohibited [her] from performing her job in an optimal manner." *See* amended complaint, para. IV.

Ms. Brown contacted the Veterans Administration to determine if she was being afforded all her legal rights, specifically, her statutory right to reinstatement. *See* 38 U.S.C. § 2021. Once the Veterans Administration began conducting its investigation of her case, PST personnel "mistakenly believed," *see* amended complaint, para. IV, that she had complained to OSHA about a safety hazard.[3] According to the complaint, Ms. Brown was then fired in Utah based on this assumption by PST. Ms. Brown alleges that she tried to find a job as an over-the-road truck driver in Arkansas but discovered that PST was giving her a negative reference when asked about her employment record by other firms in the trucking industry.

Ms. Brown now sues PST for wrongful discharge and defamation. PST answers that Ms. Brown was terminated for good cause and pleads affirmative defenses of privilege and truth. PST states that the negative reference was for late pick-ups and deliveries and violations of company policy. PST now moves to dismiss, alleging lack of personal jurisdiction. PST also moves for dismissal on the basis of *forum non conveniens*.[4] The motion will be denied.[5]

### I.

Fed.R.Civ.P. 4(c)(2)(C)(i) allows state law to determine whether the court has personal jurisdiction over a defendant, subject to the constraints of the fourteenth amendment. The Arkansas long-arm statute, Ark.Code Ann. § 16–4–101(C)(1)(d), allows the exercise of personal jurisdiction over a person who causes "tortious injury in this State by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state." When jurisdiction over a defendant is based solely on that section, however, only a cause of action "arising from acts enumerated in [that] section may be asserted against [that] defendant]." *See* Ark.Code Ann. § 16–4–101(C)(2).

■ "Since a state's judicial interpretations of the reach of its jurisdictional statute are binding on the federal courts when … there is no applicable federal standard, state decisions as to the reach of a particular statute always should be consulted." 4 C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d* § 1068 at 340 (1987). According to the Arkansas courts, the state's long-arm statute is to be liberally construed, its purpose being to permit courts to exercise the maximum personal jurisdiction allowable by due process. *See, e.g., Martin v. Kelley Elec. Co.,* 371 F.Supp. 1225, 1227 (E.D.Ark.1974); *Kilcrease v. Butler,* 293 Ark. 454, 455, 739 S.W.2d 139 (1987); *SD Leasing, Inc. v. Al Spain & Assocs.,* 277 Ark. 178, 180, 640 S.W.2d 451 (1982).

■ "In order to exercise jurisdiction under [Ark.Code Ann. § 16–4–101(C)(1)(d) ], tortious injury must occur in Arkansas," *Williams v. General Motors Corp.,* 573

---

**2.** It is not clear from the complaint whether Ms. Brown was rehired in Utah or Colorado.

**3.** An investigation by OSHA did, in fact, occur, according to the defendant's motion.

**4.** PST states that its motion is based on a variety of reasons, but the only issues it addresses are lack of personal jurisdiction and . *forum non*

*conveniens.* Accordingly, the court has considered only these issues.

**5.** The motion was made in reference to the original complaint, filed on February 12, 1992. On May 8, 1992, Ms. Brown filed an amended complaint. The court has considered the motion only in light of the amended complaint.

F.Supp. 577, 579 (E.D.Ark.1983), but the business activities of the defendant need not be related to the tortious injury. *See Pennsalt Chemical Corp. v. Crown Cork & Seal Co.*, 244 Ark. 638, 645–46, 426 S.W.2d 417 (1968). "This interpretation [of the statute] ... recognizes that one who ... derives substantial revenue from activities in this state will be liable for acts committed outside this state resulting in injuries in this state." *Id.*

■ PST's motion to dismiss is cast in general terms and does not give separate attention to each of Ms. Brown's claims. The court believes that a fair interpretation of the allegations made by Ms. Brown allows the conclusion that her inability to find a job in Arkansas has resulted from the allegedly defamatory statements attributed to PST. Regarding the claim of defamation, then, the court finds that the amended complaint states a claim as to personal jurisdiction under the Arkansas long-arm statute. *See* amended complaint, paras. I, VII.

Ms. Brown also contends, implicitly, that it is her firing that has caused her to have to seek another job and that her inability to find one in Arkansas would be irrelevant if she had not been discharged in the first place. *See* amended complaint, paras. I, VII. Although this is a closer question than for the defamation claim, the court finds that these allegations state a claim for injury to her in Arkansas and, thus, for personal jurisdiction under the Arkansas long-arm statute as to the wrongful discharge claim.

## II.

PST further alleges, however, that the minimum contacts required under the fourteenth amendment guarantee of due process are lacking. In support, PST refers to an affidavit that apparently states that all of the relevant acts of PST occurred outside Arkansas.[6] In response, Ms. Brown submits PST's answers to interrogatories, which acknowledge that PST

has served at least 25 customers in Arkansas over the last two years.

The Supreme Court has held that due process requires only that a nonresident defendant have "certain minimum contacts" with a state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). Arkansas courts, both federal and state, have found that corporations with multiple in-state customers in the recent past have the minimum contacts required to satisfy due process. *See, e.g., Trace X Chemical, Inc. v. Gulf Oil Chemicals Co.*, 519 F.Supp. 826, 829 (W.D.Ark. 1981), and *Pennsalt Chemical Corp. v. Crown Cork and Seal Company, Inc.*, 244 Ark. 638, 644, 426 S.W.2d 417 (1968). Under these circumstances, this court finds that PST could reasonably have anticipated that it might be "haled into court" in Arkansas. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The court therefore holds that it has personal jurisdiction over PST.

## III.

PST further requests dismissal because of considerations relevant to the doctrine of *forum non conveniens*. The Supreme Court has held that a suit may be dismissed under the doctrine of *forum non conveniens* even though personal jurisdiction, subject matter jurisdiction, and venue all exist. "Indeed, the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055 (1947).

■ The determination of whether *forum non conveniens* allows dismissal balances the forum's convenience and the plaintiff's choice of the situs. "An interest

---

6. This affidavit was not submitted to the court. For purposes of the motion, the court assumes that its omission was inadvertent and that, if

submitted, it would contain the representations described.

to be considered, and the one likely to be most pressed, is the private interest of the litigant." *Id.* at 508, 67 S.Ct. at 843. "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947). Other considerations include the accessibility of evidence, attendance of unwilling witnesses, and administrative difficulties within congested courts. *See Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. at 843. The balancing of the *Gulf Oil Corp.* considerations is within the discretion of the trial court. "The *forum non conveniens* determination ... may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

In its motion to dismiss, PST contends that "all relevant factual information and witnesses are located outside the State of Arkansas. The only connection to the State of Arkansas is that [Ms. Brown] claims Arkansas as her state of residency, although for a large portion of the year she travels over the road." *See* brief in support of motion to dismiss, p. 8. Ms. Brown contends that Arkansas is the "most fair and equitable" forum for this case. *See* response to motion, p. 1. Ms. Brown further contends that the inconvenience of transporting the factual information from Utah and Colorado to Arkansas is outweighed by the state's interest in protecting its citizens.

Ms. Brown has the privilege of choosing where she will file the cause of action so long as she does not " 'vex,' 'harass,' or 'oppress' the defendant." *Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. at 843. In weighing the factors to be considered by the court, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* On balance, the court concludes that the case should not be dismissed because of considerations related to the doctrine of *forum non conveniens.*

## IV.

"For the convenience of parties and witnesses, in the interest of justice," any action may be transferred "to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a). This subsection allows transfer of any action in which venue is proper to another district where venue may also be proper but which is more convenient. As the Revision Notes to the current version of the statute observe, "Subsection (a) was drafted in accordance with the doctrine of *forum non conveniens,* permitting transfer to a more convenient forum, even though the venue is proper.... The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so."

PST does not formally move for transfer outside Arkansas.[7] The broad language of the statute, however, suggests that a court may transfer a case to a more convenient forum on its own motion. *See, e.g.,* 15 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3844 at 329 (1986). "[B]ut if the court is considering this course it should make that possibility known to the parties so that they may present their views about the transfer." *Id.* at 329–30.

The court finds that it has insufficient information to decide the question of transfer at this point. Based upon the record before it, however, the court believes that either Utah or Colorado might be a better forum for this action. The court suggests that the parties further consider whether Arkansas is the most convenient forum and, within 14 days of the file date of this opinion, submit supplemental documenta-

---

7. As discussed in section III, PST moves for dismissal of the case under the doctrine of *forum non conveniens;* a motion in the alterna- tive for transfer if dismissal is denied could be implied. PST does not, however, suggest any other appropriate forum.

tion to the court regarding the most convenient forum.  If the parties decline to do so, the court will decide whether to transfer the case on the basis of the information already before it.

### V.

For the reasons stated, the motion to dismiss is denied.