**STATE of Missouri, ex rel. Gregory L. BARNES and Brinkoetter and Barnes, P.C., Relators,**

v.

**The Honorable George GERHARD, Judge of the Circuit Court of St. Louis County, Missouri, Division 51, Respondent.**

No. 61967.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Aug. 11, 1992.

Donald R. Tracy, Heyl, Royster, Voelker & Allen, P.C., Springfield, Ill., for relators.

Michael M. Flavin, Steven H. Schwartz, Brown & James, P.C., St. Louis, for respondent.

SMITH, Judge.

Relator, Gregory Barnes, and his law firm, Brinkoetter and Barnes, P.C., sought our preliminary writ of prohibition following respondent's denial of their motion to

dismiss a third party petition against them for lack of personal jurisdiction. The underlying litigation is an action for legal malpractice by Bernice Van Praag and others against Donald Heck. Heck in turn filed his third party petition against relators seeking indemnity or contribution for the relators' negligence. The third party petition sounds only in negligence. We make our preliminary writ permanent.

Heck, a Missouri attorney, originally represented Mrs. Van Praag and the estate of her husband in litigation pending in Illinois. Mrs. Van Praag is a resident of Illinois. Mrs. Van Praag's son, the personal representative of her husband's estate, is a Missouri resident. He hired Barnes to represent Mrs. Van Praag in the litigation while Heck continued to represent the estate. According to the allegations in the underlying suit Barnes agreed to timely file an amended complaint in the Illinois litigation. The Illinois case was subsequently dismissed with prejudice when a deadline for filing the amended complaint was missed. That dismissal was upheld on appeal. *See Van Praag v. First National Bank of Decatur,* 172 Ill.App.3d 1174, 136 Ill.Dec. 578, 544 N.E.2d 1353 (1988). The underlying suit against Heck was then filed in St. Louis county for malpractice. Heck filed his third party petition seeking indemnity and contribution and basing personal jurisdiction on the Missouri Long Arm statute, § 506.500 RSMo 1986. Relators filed their motion to dismiss which was denied by the respondent. Our preliminary writ followed.

■■■ When a defendant raises the issue of lack of personal jurisdiction, the plaintiff has the burden of pleading and proving the existence of sufficient minimum contact with the forum state to justify the exercise of jurisdiction. *State ex rel. Ranni Associates, Inc. v. Hartenbach,* 742 S.W.2d 134 (Mo. banc 1987) [3, 4]. In this third party action Heck is the plaintiff and relators are the defendants. Prohibition is the proper remedy to prevent further action of the trial court where personal jurisdiction of the defendant is lacking. *State ex rel.*

*Wichita Falls General Hospital v. Adolf,* 728 S.W.2d 604 (Mo.App.1987) [1].

■ Barnes made one trip to Missouri in his representation of Mrs. Van Praag. The only affidavit to identify the time of that trip is that of Mr. Van Praag. He stated that it occurred five days prior to when he hired Barnes in the litigation in Illinois. The affidavit reflected, however, that Mr. Van Praag had continuing contacts with Barnes prior to the St. Louis meeting involving representation of Mrs. Van Praag in other matters. The St. Louis meeting was for the purpose of Barnes becoming familiar with the file in order for him to assume representation of Mrs. Van Praag, and the litigation was discussed at that meeting. There were in addition numerous telephone calls between Barnes and Heck or Barnes and Mr. Van Praag when Heck or Van Praag were in Missouri.

The question presented is whether one visit to Missouri and telephone calls with persons in Missouri are sufficient contacts to support personal jurisdiction in Missouri against an Illinois lawyer representing an Illinois resident in litigation in the Illinois courts. Barnes is not licensed to practice law in Missouri and does not do so. We hold there are not sufficient contacts to support personal jurisdiction.

In *Ranni, supra* [5, 6] *citing to State ex rel. Wichita Falls General Hospital v. Adolf, supra,* the court recognized that the minimal contacts required in the products' liability area involving stream of commerce are less stringent than in other areas. The relators here are engaged in providing a service, not in providing a product through the stream of commerce. Two cases bearing strong resemblance to the case before us have concluded that sufficient contacts were not present to support personal jurisdiction. Both cases involved out-of-state attorneys representing *resident* clients in out-of-state forums. In that regard they present a stronger case for upholding jurisdiction than this case which involves an out-of-state client.

*Austad Company v. Pennie & Edmonds,* 823 F.2d 223 (8 Cir.1987) involved a suit in a South Dakota court by a South

Dakota resident against a New York law firm which represented the South Dakota resident in patent litigation in Maryland. There, as here, the defendant had made one visit to the state of South Dakota to obtain information for use in the litigation. There, as here, the defendant did not seek out the client, the representation was arranged by a third party who approached the defendant. There, as in Missouri, the courts of South Dakota have interpreted the long-arm statute to confer jurisdiction "to the fullest extent permissible under the due process clause of the Fourteenth Amendment". *See State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889 (Mo. banc 1970). The court in *Austad* held that to uphold jurisdiction the defendant must have a substantial connection with the forum state and have purposefully availed itself of the benefits and protection of the laws of South Dakota. It found insufficient minimum contacts to support jurisdiction.

*Marchant v. Peeples*, 274 Ark. 233, 623 S.W.2d 523 (1981) involved a suit in Arkansas by an Arkansas resident against a Texas attorney who represented her in litigation in the Texas courts. That case involved contacts in the forum state only by telephone and mail. Again the court found insufficient contacts to support personal jurisdiction. There, as here, the plaintiff argued that the defendant could have foreseen the possibility of suit in Arkansas when he undertook the representation of an Arkansas resident. The court held foreseeability alone was not sufficient to support jurisdiction citing in support *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

We do not regard it as probable that a lawyer would anticipate being sued in Missouri because he replaced a Missouri lawyer licensed to practice in Illinois in the handling of Illinois litigation for an Illinois resident. Nor do we find it probable that he would anticipate such litigation because he was hired by the client's son, a Missouri resident. Relators did not purposefully avail themselves of the benefits and protection of the laws of Missouri. *Ranni, supra; Wichita Falls, supra.* We do not find minimum contacts with the state of Missouri sufficient to satisfy the due process requirements necessary for personal jurisdiction. Respondent in his brief asserts that jurisdiction can be premised upon the fact that a Missouri resident, Heck, sustained injury because of the negligence of Barnes. That contention is squarely rejected in *Ranni, supra* [5, 6].

The motion to dismiss should have been granted.

Preliminary writ made permanent; respondent is directed to grant relators' motion to dismiss.

KAROHL, C.J., and CRANE, P.J., concur.