34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
H & W WIRE CORPORATION, Appellant,
v.
LONE STAR WIRE, INC., Appellee.
 No. 93-3447.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: September 2, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 H & W Wire Corporation (H & W) appeals the district court's[1] final order dismissing without prejudice its complaint against Lone Star Wire, Inc. (Lone Star) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, 28 U.S.C. Sec. 1406(a). We affirm.
 
 
 2
 H & W is an Arkansas corporation engaged in the manufacture and sale of wire and wire products; its principal place of business is in Arkansas. Lone Star is a Texas corporation with its principal place of business in Texas. H & W brought this diversity action in federal district court in Arkansas alleging the breach of a contract under which H & W was to sell and deliver wire to Lone Star in Texas.
 
 
 3
 To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; we review de novo. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). As Arkansas construes its long-arm statute broadly so as to confer jurisdiction to the extent permitted by the due process clause, see Kilcrease v. Butler, 739 S.W.2d 139, 140 (Ark. 1987), our inquiry in this diversity action is "whether exercise of personal jurisdiction comports with due process." Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994).
 
 
 4
 For personal jurisdiction, the due process clause requires minimum contacts between the non-resident defendant and the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Bell Paper Box, 22 F.3d at 818-19. A defendant's contacts with the forum state are sufficient if they are such that he should " 'reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " Id. at 818 (citation omitted). Defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 818-19. Although this test applies equally to non-resident sellers and buyers, this circuit has recognized that non-resident sellers who ship goods into the forum state are more likely to have minimum contacts than are non-resident buyers of goods from a forum state. See Precision Constr. Co. v. J.A. Slattery Co., 765 F.2d 114, 118 (8th Cir. 1985).
 
 
 5
 We apply a five-part test for measuring minimum contacts:
 
 
 6
 (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. The first three factors are of primary importance.
 
 
 7
 Bell Paper Box, 22 F.3d at 819 (citation omitted). This court, following the Supreme Court's lead in Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984), has elaborated on the third factor-the relation of the cause of action to the contacts-distinguishing between specific and general jurisdiction. See Bell Paper Box, 22 F.3d at 819. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir.), cert. denied, 114 S. Ct. 63 (1993). "General jurisdiction, on the other hand, refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Id.
 
 
 8
 We find the contacts alleged insufficient to establish general jurisdiction over Lone Star. Most of the evidence of contacts relates to the transactions between the parties. Through the affidavit of its president, H & W proffered evidence that Lone Star placed its orders by telephone for H & W to manufacture wire to Lone Star's specifications. Ten days to two weeks after receiving an order, H & W would ship the wire to Lone Star in Texas with an invoice; Lone Star would then pay H & W directly. Approximately 176 orders were placed and filled in this manner since 1986, 25 since April 1992. H & W also offered evidence that Lone Star's president and chairman visited H & W two times-once accompanied by a Lone Star employee-and, on one of these visits, gave instructions and a drawing on how to manufacture a cleaning unit to clean wire. H & W offers only sketchy support for the other Arkansas contacts alleged-that Lone Star transacted business with at least three different Arkansas customers-with no indication of the nature, quantity or time frame of the contacts. We find this evidence insufficient to constitute a prima facie showing of general jurisdiction.
 
 
 9
 Although the number and nature of alleged contacts relating to the subject matter of the action make specific jurisdiction a closer question, we find there is no specific jurisdiction in this case. Bell Paper Box is distinguishable. In Bell Paper Box, we found specific jurisdiction because the defendant had "sought the benefits and protection of [the forum state] both in the 'police and fire protection and perhaps other services for the facilities at which the buyer took possession' and 'for the visit of the buyer's agent to inspect the goods.' " Bell Paper Box, 22 F.2d at 820 (quoting Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1364 (7th Cir. 1985)). Crucial to our determination was that all aspects of the contract-including delivery-were performed in the forum state; thus "the subject matter of [the] dispute occurred entirely within the forum state." Id. at 819. In contrast, the H & W-Lone Star contract required delivery in Texas, not the forum state. Unlike the Bell Paper Box defendant, Lone Star did not avail itself of the benefits and protections of the forum state "for the facilities at which [it] took possession," id. at 820, of the goods purchased, because Lone Star took possession in Texas.
 
 
 10
 We agree with the district court that this case is factually similar to Mountaire Feeds, Inc. v. Agro Impex, S. A., 677 F.2d 651, 654-56 (8th Cir. 1982) (resident seller's unilateral performance in forum state insufficient to support personal jurisdiction over non-resident buyer). Although the proffered evidence shows that Lone Star had more contacts with the forum state-including two visits-we find these additional contacts insufficient to subject a non-resident buyer to personal jurisdiction-even specific personal jurisdiction-in federal court in Arkansas. While "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985), visits to the forum state are not determinative. Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226-27 (8th Cir. 1987) (contacts insufficient for jurisdiction even though defendant made visits to forum state). The cumulative effect of the contacts-the visits and the correspondence of a non-resident buyer, even combined with a small number of "other customer" contacts-is insufficient to support the conclusion that Lone Star purposefully directed its efforts toward residents of Arkansas.
 
 
 11
 Accordingly, we affirm the district court's order.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas